**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **EDDIE MENDIA,** | ) |
| | ) |
|          **Plaintiff,** | ) |
| | ) |
| v. | )     Case No. 06-1212-JTM |
| | ) |
| **HAWKER BEECHCRAFT** | ) |
| **CORPORATION,** | ) |
| | ) |
|          **Defendant.** | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel (Doc. 45). Defendant opposes the motion as untimely, unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. For the reasons set forth below, the motion shall be DENIED.

### Background

This is an employment discrimination case in which plaintiff alleges that defendant discriminated against him because of race (Hispanic), age (58), and disability (neck injury and memory loss).[1] Highly summarized, plaintiff alleges that he believes he was struck by lightning in 1995 while in defendant's parking lot and suffers from memory and

---

[1] Plaintiff also asserts a claim for intentional infliction of emotional distress.

concentration problems. Plaintiff also alleges that in November 2004 he was involved in an automobile accident and injured his neck which caused him to utilize all of his available FMLA leave as well as two weeks of unpaid medical leave.

Plaintiff returned to work in February 2005. In March 2005, defendant notified its employees that the company was adopting a new reporting and attendance policy, effective April 4, in an effort to reduce excessive, unapproved absences.[2] Plaintiff was absent from work on a number days after the new policy was adopted and, after being "written-up" for attendance infractions, was terminated on May 10, 2005 for violating defendant's attendance policy. Additional facts and allegations are included in the following analysis of plaintiff's motion.

## Motion to Compel

Plaintiff seeks to compel production of:

> 1. The name and contact information for each employee terminated pursuant to the new attendance policy. Plaintiff also requests records back to 2004 showing the terminated employee's age, race, usage of FMLA leave, and record of overtime (with any notations showing whether the overtime was mandatory or voluntary).[3]
>
> 2. A copy of defendant's "benefits booklet."

---

[2] Plaintiff's union challenged defendant's new attendance policy, filing over 100 grievances on behalf of employees. (Doc. 48, Exhibit 2). An arbitrator upheld the work rule changes and dismissed the grievances. Id.

[3] Plaintiff originally requested records dating back to 1995 but modified the request to seek only records dating back to 2004.

> 3. All documents in any form showing the identity of any person or entity contacted or consulted to study defendant's operations.[4]
>
> 4. Any company records showing the location of Dr. McMasters when the doctor reviewed plaintiff's medical records and defendant's Occupational Health Services (OHS) sign-in log.

Plaintiff also requests that the discovery period be extended to allow him to continue written discovery and the taking of depositions. As noted above, defendant opposed the motion. As explained in greater detail below, the motion shall be denied.

The scheduling order in this case provided that all discovery was to be completed by May 25, 2007.[5] Because plaintiff's motion was filed July 5, 2007 and included requests not previously served on defendant, the motion is untimely. The court recognizes that plaintiff proceeds without the assistance of counsel; however, the delay in requesting the information is unexplained and unjustified.

The motion to compel is also denied for additional reasons. Plaintiff's request for the names and records for other terminated employees is overly broad and unduly burdensome because compliance would require defendant to gather and produce detailed records containing personal information for over 100 former employees. Because the claims of discrimination in this case are not based upon a "pattern and practice" theory, the names of

---

[4] Plaintiff withdrew this request in his reply brief; accordingly, the request to compel the information in request number 3 is MOOT.

[5] During the June 1, 2007 status conference the court allowed plaintiff until June 22 to conduct depositions and took the issue of plaintiff's belated expert witness disclosure under advisement. No extension was granted for other forms of discovery.

other terminated employees have little, if any relevance. Moreover, records concerning FMLA leave by other terminated employees have no relevance to this case because plaintiff asserts no claim that defendant violated his or any other employee's FMLA rights.[6] Similarly, records concerning overtime by other employees are not relevant to plaintiff's discrimination claims.[7]

Plaintiff argues that such information is relevant because he has alleged that the new attendance policy has a "disparate impact" and needs the information for a statistical analysis. This argument is not persuasive for two reasons. First, the court has reviewed the complaint and the chronology of discovery and status conferences and is not persuaded that plaintiff asserted a disparate impact theory until *after* the deadline for discovery had passed. More importantly, reviewing the records of only *terminated* employees would not provide relevant statistical information.[8] Accordingly, plaintiff's request to produce the names and information concerning other terminated employees shall be denied.

---

[6] In an effort to show relevance, plaintiff argues in his reply brief that "prolonged required overtime" is the cause of an increase in absenteeism and use of FMLA. (Doc. 48. p. 2). However, plaintiff did not work overtime while "medically restricted" and there is no dispute that he was allowed to utilized all of his allowable FMLA leave time.

[7] The only references to overtime in this case relate to (1) plaintiff's work restriction of "no overtime" which defendant honored and (2) an isolated discussion plaintiff had with his supervisor over whether to apply for a job requiring regular overtime.

[8] First, there is no evidence that the terminated employees were "similarly situated" or comparable to plaintiff. Moreover, statistics concerning terminated employees would be meaningless unless placed in context with employees who were *not* terminated under the new attendance policy.

Plaintiff's request for production of a "benefit booklet" shall be denied because the request is vague. Defendant provides a variety of "benefits" to its employees. Although plaintiff argues in his reply brief that a booklet outlining "short-term disability" should have been included in defendant's initial disclosures, the relevance of such a document has not been shown. Therefore, the request shall be denied.

Plaintiff's request for the "location" of Dr. McMasters suffers from similar short-comings. Defendant has explained that it has no records showing the "location" of Dr. McMasters during the relevant time period. The court is also not persuaded that plaintiff has shown the relevance of such information. Similarly, the relevance of the OHS "sign-in log" has not been established. Accordingly the request for Dr. McMaster's "location" and the sign-in log shall be denied.

Plaintiff's request for the continuation of discovery shall be denied. The court is mindful that plaintiff proceeds without the assistance of counsel. However, plaintiff has had a fair and ample opportunity to conduct discovery. A final pretrial order has been filed in this case and the matter is ready for resolution by way of a dispositive motion, trial, or mediation.

## Plaintiff's Expert Report

The court took under advisement an earlier request by plaintiff to provide his expert report out of time. The report is by Dr. Schell, a licensed psychologist, and relates to plaintiff's mental status. Although defendant opposes the request, the court will allow the

report. Because of the belated production, defendant is granted leave to depose Dr. Schell. The deposition may be deferred until after the ruling on defendant's dispositive motion.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 45)** is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's request to provide his expert report out of time is **GRANTED** and defendant is granted leave to depose the doctor at a mutually agreeable time.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 26th day of July 2007.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge