IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDDIE MENDIA,

           Plaintiff,

vs.                              Case No. 06-1212-JTM

HAWKER BEECHCRAFT
CORPORATION,

           Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Hawker Beechcraft Corporation's motion for an order requiring disclosure (Dkt. No. 55). This court conducted a hearing on the motion, where all the parties appeared, including Ms. Jose Hurlstone-Peggs. This order serves as a memorialization of the hearing.

The facts of the case will be summarized briefly. This is a pro-se employment action case where Eddie Mendia, a former employee of the Hawker Beechcraft, alleges violations of Title VII, the ADEA, the ADA, and a common law claim for intentional infliction of emotional distress. Defendant filed a motion for summary judgment on all claims (Dkt. No. 51), and Mendia responded (Dkt. No. 53).

After Mendia's response, Hawker filed a motion for an order requiring disclosure that is presently before the court (Dkt. No. 55), in which it alleged that Mendia had legal help in filing his response due to noticeable differences in the pleadings, namely that previous pleadings were

handwritten and a bit scattered while his summary judgment response was typed with citations and references. Hawker also alleged that many of the previous filings had indicia of an attorney, yet noted that Mendia denied receiving such assistance when specifically questioned by Judge Humphreys. Hawker was particularly concerned with this, both because of the lenient standard given to pro se litigants, and the ethical implications involved. Accordingly, the defendants requested a hearing to question Mendia on these issues.

Less than a week after filing the motion for an order requiring disclosure, attorney Jose Hurlstone-Peggs sent a letter to the court in which she explained that she met with Mendia and agreed to help prepare his response, although she had no involvement in the case until that time. She explains that she did not enter her appearance or sign the pleadings because she had to rely on Mendia's version of the facts and as not able to conduct her own investigation. She explains that she did not intend to mislead the Court, and further stated that she believed that attorneys could assist pro se litigants. Ms. Hurlstone-Peggs has been nothing but forthright and candid with this court.

Ms. Hurlstone-Peggs sent a copy of the letter to the attorneys for the defendant. Mendia then filed a response to the letter (Dkt. No. 56) in which he denies obtaining the assistance of an attorney prior to meeting with Ms. Hurlstone-Peggs, and further noted that she just typed and organized his already-existing notes and arguments. Defendants then replied to that response (Dkt. No. 58) in which it repeats its request for a hearing to determine the full disclosure of facts surrounding Mendia and Ms. Hurlstone-Peggs.

At the hearing, Ms. Hurlstone-Peggs made a statement, as well as both the parties. Additionally, counsel for defendant was allowed to question Ms. Hurlstone-Peggs regarding her

involvement in assisting plaintiff in preparation for his response. The court announced that it would give appropriate consideration to the facts established when considering the motion for summary judgment.

IT IS ACCORDINGLY ORDERED this 17th day of December, 2007 that the defendant's motion for an order requiring disclosure (Dkt. No. 55) is granted, and that defendant obtained all information necessary in furtherance of its motion at the December 14, 2007 hearing, and that no further inquiry is needed.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE