IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDDIE MENDIA,

           Plaintiff,

vs.                              Case No. 06-1212-JTM

HAWKER BEECHCRAFT
CORPORATION,

           Defendant.

## MEMORANDUM AND ORDER

Presently before the court is plaintiff Eddie Mendia's (Mendia's) motion to reconsider (Dkt. No. 69). For the following reasons, the court denies the motion.

On January 17, 2008, this court granted defendant Hawker Beechcraft's (Hawker's) motion for summary judgement, dismissing all of Mendia's claims. (Dkt. No. 67). On February 1, 2008, Mendia filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(3), in which he argues that the court's order was in conflict with established case law, and further requests that this court be "mindful of plaintiff's mental impairments in navigating through defendant's briefs and responding to them." (Dkt. No. 69, p. 7).

Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief

from the operation of the judgment.

FED. R. CIV. P. 60(b). Relief under the rule is "an extraordinary procedure permitting the court that entered judgement to grant relief therefrom upon a showing of good cause within the rule."*Cessna Fin. Corp. v. Bielenberg Masonry Contracting Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). Further, Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *FDIC ex rel. Heritage Bank & Trust v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)). A Rule 60(b) motion "is not intended to be a substitute for a direct appeal." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

Mendia specifically seeks relief under 60(b)(3), which provides the court with discretion to grant relief from judgment when justified by fraud on the court or misconduct of an adverse party. FED. R. CIV. P. 60(b)(3). A party seeking relief pursuant to that rule has the burden of demonstrating by clear and convincing evidence that the adverse party committed fraud, misrepresentation or some other misconduct, and all doubt must be resolved in favor of the finality of judgment. *Welch v. Centex Home Equity Co., L.L.C.*, 224 F.R.D. 490, 494 (D. Kan. 2004). Further, "only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute fraud on the court." *Id.* Even when granting Mendia's filings all permissible leniency due to his pro se status, Mendia fails to proffer any grounds or argument justifying relief. At best, Mendia's motion merely rehashes arguments previously considered and rejected by the court. Further,

Mendia fails to meet the necessary clear and convincing burden of proof, fails to allege that Hawker had an intent to scheme or defraud Mendia or the court, and fails to present sufficient proof that any alleged fraud or misconduct interfered with his ability to prepare for trial. This court declines to revisit settled issues; accordingly, Mendia's motion is denied.

IT IS THEREFORE ORDERED this 28th day of March, 2008, that Mendia's motion to reconsider (Dkt. No. 69) is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE